**UNITED STATES of America,**
**Appellee,**

v.

**Clarissa ASPINALL, Defendant–**
**Appellant.**

**No. 05–1666–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 4, 2007.

**42**

Theodore S. Green, Green & Willstatter, White Plains, NY, for Appellant.

Sarah Y. Lai, Assistant United States Attorney (Harry Sandick, on the brief) for Michael J. Garcia, United States Attorney for the Southern District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI, Circuit Judge, Hon. JOSEPH F. BIANCO, District Judge.*

* The Honorable Joseph F. Bianco, United States District Court for the Eastern District of New York, sitting by designation.

### SUMMARY ORDER

Defendant-appellant Clarissa Aspinall appeals from an order of the United States District Court for the Southern District of New York (Chin, *J.*), denying her request to expunge her former name and her address from the court records of her criminal prosecution. We assume the parties' familiarity with the facts, procedural background and issues presented for review.

We review the district court's decision on whether to order sealing of a record for abuse of discretion. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir.1997).

Defendant contends that her fear of persons who have assaulted her was sufficient basis for the relief she requested, that the government's interest in law enforcement would be unaffected by the grant of her motion because her former name will remain in law enforcement databases, and that the district court had no reason to deny her motion.

"[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978). Among the relevant facts and circumstances here are that Aspinall abused her name change for criminal purposes; she has used her prior name in publicly accessible documents notwithstanding her alleged fear; and retention of her former name in court records will deter or help prevent further frauds by this defendant. The district court's order did not constitute an abuse of discretion.

We have considered all of Aspinall's remaining arguments and find them to be without merit. The judgment of the district court is hereby **AFFIRMED**.